IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VALERIE D. MORGAN,
          Plaintiff,

v.                                      Civil Action No. 3:20cv304

BAYVIEW LOAN SERVICING, LLC,
          Defendants.

## OPINION

Pro se plaintiff Valerie Morgan sued Bayview Loan Servicing, LLC ("Bayview"), asserting various claims arising out of Bayview's role as Morgan's mortgage servicer. Bayview has moved to dismiss for failure to state a claim.[1]  Because Morgan has failed to state any plausible claim for relief, the Court will grant Bayview's motion and dismiss Morgan's claims.

## I. FACTS ALLEGED IN THE COMPLAINT

Morgan obtained a home mortgage on November 24, 2006. Eventually, Bayview became Morgan's mortgage servicer.

As Morgan's mortgage servicer, Bayview made several errors regarding her mortgage payments. Morgan attempted to correct those errors between August 2019 and March 2020, but Bayview did not take corrective action. For example, Bayview said that Morgan sent only a partial payment for January 2020. Morgan, however, submitted a full payment that reflected an interest rate adjustment that took effect that month. Because of Bayview's oversight, Morgan sent Bayview two qualified written requests ("QWRs") in January 2020, asking Bayview to

---

[1] Bayview's motion to dismiss includes the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam). Morgan did not respond to Bayview's motion.

review her file for accuracy.  One of the QWRs also mentioned that Bayview incorrectly applied a litigation fee to her mortgage statement.

On February 17, 2020, Bayview sent Morgan a Notice of Default and Intent to Accelerate (the "Notice") based on its mistaken belief that Morgan defaulted due to her January 2020 payment.  If Morgan did not cure the default by March 23, 2020, Bayview threatened to "take steps to terminate [her] ownership in the property by a foreclosure proceeding or other action to seize the property." (ECF No. 1–1, at 40.)  On February 26, 2020, Morgan sent Bayview another QWR, disputing the Notice.  Morgan attached Bayview's response to her January 22, 2020 QWR to her complaint.  That response, dated March 5, 2020, confirmed that Bayview received and applied the payments about which Morgan inquired, including payments for December 2019 and January 2020.

Bayview's failure to timely and adequately respond to Morgan's QWRs underpins Morgan's claims.  Essentially, Morgan argues that Bayview violated various federal statutes and regulations by issuing fluctuating monthly statements, failing to correct errors, and not conducting a reasonable investigation into those errors.

## II. <u>LEGAL STANDARD</u>

Bayview has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).  The principle that a

court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Morgan does here, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). But this principle of liberal construction has its limits. *Id.* Courts need not discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

## III. DISCUSSION

In this case, Morgan alleges that, as her mortgage servicer, Bayview violated the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collections Practices Act ("FDCPA"), and the Dodd-Frank Act. She does not state a claim under any of those statutes.

### A. TILA

Morgan brings claims under four provisions of the TILA, namely 15 U.S.C. § 1639f, 15 U.S.C. § 1641(g), 12 C.F.R. § 1026.41, and 12 C.F.R. § 1026.36(c)(1). TILA does not, however,

create a private right of action against mortgage servicers.[2]  The record indicates that Bayview

became a servicer, not an owner or assignee, of Morgan's mortgage.  The Court, therefore, will

dismiss Morgan's TILA claims with prejudice.

### B. Dodd-Frank

Morgan makes a general claim under the Dodd-Frank Act that Bayview engaged in

unfair, deceptive, and abusive acts.  But Dodd-Frank does not create a private right of action for

borrowers to bring claims against mortgage servicers for unfair, deceptive, or abusive acts or

practices.[3]  The Court, therefore, dismisses the Dodd-Frank claim with prejudice.

### C. RESPA

Morgan alleges that Bayview violated two provisions of RESPA, 12 C.F.R. § 1024.35(e)[4]

and 12 U.S.C. § 2605(e), by failing to properly investigate and respond to her QWRs.  To state a

---

[2] *See* 15 U.S.C. § 1640(a) (stating that "any *creditor* who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person") (emphasis added); *see also Meaney v. Nationstar Mortg.*, No. TDC-16-2959, 2018 WL 1014927, at *8 (D. Md. Feb. 21, 2018) (dismissing plaintiff's TILA claim against a loan servicer because "TILA creates a private right of action against only creditors"); *Aliff v. Bank of Am., N.A.*, No. 3:16-10119, 2017 WL 424878, at *4 (S.D. W. Va. Jan 31, 2017) ("[C]ourts that have treated this subject have uniformly held that section 1640(a) does not extend liability to loan servicers.").

[3] *See* Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), Pub. L. No. 111–203, 124 Stat. 1376 (2010); 12 U.S.C. § 5531(a) (granting power to the *Consumer Financial Protection Bureau* to take action to prevent unfair, deceptive, or abusive acts or practices (emphasis added)); *see also Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 805 (4th Cir. 1996) ("[I]f a statute does not expressly create a private cause of action, one does not exist."); *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015) ("[C]ourts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them.").

[4] Courts have split on whether § 1024.35 provides a private right of action. *See Lage v. Ocwen Loan Servicing LLC*, 839 F. 3d 1003, 1007 (11th Cir. 2016) (stating that 12 U.S.C. § 2605 creates a private right of action to enforce § 1024.35); *Brown v. Bank of N.Y. Mellon*, No. 1:16cv194, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) (explaining that although § 1024.41 creates a private right of action for borrowers, § 1024.35 does not explicitly provide that right); *Self v. Nationstar Mortg. LLC*, No. 2:19cv3D, 2019 WL 4734412, at *10 (E.D.N.C. Sept.

claim for a violation of these provisions, a borrower must demonstrate (1) a written request that

meets RESPA's definition of a QWR,[5] (2) that the servicer failed to perform its duties, and (3)

actual damages. *See Bourdelais v. JPMorgan Chase Bank, N.A.*, No. 3:10cv670, 2012 WL

5404084, at \*9 (E.D. Va. Nov. 5, 2012).

Here, Morgan fails to allege that she suffered damages because of Bayview's RESPA

violations.[6]  Morgan seeks general and punitive damages for "unfair and deceptive practices,

negligence that contributed to the Plaintiff's hardship, stress, illness, severe emotional distress,

economic damages and mental anguish." (ECF No. 1–1, ¶ 36.)  These vague assertions fail to

satisfy the actual damages prong of a prima facie RESPA claim because they "do not identify

---

26, 2019) (explaining the disagreement between courts and assuming without deciding that RESPA creates a private right of action for violations of § 1024.35).  The Court, therefore, considers the § 1024.35 claim for the purposes of this motion without deciding whether § 1024.35 provides a private right of action.

[5] RESPA defines a QWR as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).  The Court assumes without deciding that Morgan's correspondence with Bayview in January and February 2020 meets that definition.

[6] If Morgan alleged actual damages, then she could also allege statutory damages by showing that Bayview engaged in a "pattern or practice of noncompliance" with RESPA.  § 2605(f) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts . . . (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.").  The weight of authority requires a borrower to first recover actual damages before recovering statutory damages. *See Robinson v. Nationstar Mortg. LLC*, No. TDC-14-3667, 2019 WL 4261696, at \*9 (D. Md. Sept. 9, 2019); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719–20 (8th Cir. 2018); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 n.4 (11th Cir. 2016) (dicta).  The Court finds this authority persuasive. Accordingly, it finds that Morgan cannot obtain statutory damages without first obtaining actual damages.

how these damages flowed directly from [Bayview]'s failure to respond to the QWRs." *See*

*Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 266 (D. Md. 2015) (finding

conclusory allegations "insufficient to establish actual damages under RESPA" because the

plaintiffs did not identify how the damages asserted in their amended complaint "flowed directly

from [the loan servicer's] failure to respond to the QWRs").[7] Moreover, RESPA does not permit

recovery of noneconomic damages. *See id.* at 266 n.24 (noting that "healthcare costs, emotional

and physical injury, and attorney's fees . . . are not direct economic damages cognizable under

RESPA"). Because Morgan does not plead facts indicating that her purported injuries resulted

from Bayview's alleged RESPA violations, the Court will dismiss Morgan's RESPA claims

without prejudice.[8]

### D. FDCPA[9]

Liberally construed, Morgan alleges that Bayview violated three FDCPA provisions—15

U.S.C. §§ 1692e, 1692f, and 1692g—by sending her false representations of the amount due on

---

[7] *See also Combs v. U.S. Bank Nat'l Ass'n*, No. 1:17cv545, 2017 WL 2805494, at *3 (E.D. Va. June 28, 2017) ("In order to survive a motion to dismiss, [the plaintiff] must also allege the actual damages she incurred *were a result* of the RESPA violation." (emphasis in original)).

[8] Because Morgan has not adequately alleged an injury, the Court need not address the remaining elements of her RESPA claim.

[9] A one-year statute of limitations applies to FDCPA claims. *See* 15 U.S.C. § 1692k(d); *Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013) ("Ordinarily, the statute of limitations begins to run when the communication that violates the FDCPA is sent."). Morgan asserts violations of the FDCPA between January 2019 and February 2020, but she filed suit on March 12, 2020. The Court, therefore, will only consider her allegations regarding statements between March 12, 2019, and February 2020. Even if the Court considered the claims before March 12, 2019, it would find that Morgan fails to state a claim because the FDCPA does not apply to Bayview in this case.

her mortgage loan.[10]  To state a claim under the FDCPA, "a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and, (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt." *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 859 (E.D. Va. 2016).

Morgan's claims fail to satisfy the second requirement because Bayview does not meet the FDCPA's definition of a debt collector.[11]  The Court, therefore, dismisses Morgan's FDCPA claims with prejudice.

## IV. CONCLUSION

Because Morgan has failed to state any plausible claim for relief, the Court will grant Bayview's motion to dismiss.  The Court DISMISSES WITHOUT PREJUDICE Morgan's RESPA claims.  It DISMISSES WITH PREJUDICE all other claims.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record and to the pro se plaintiff.

---

[10] Morgan alleges *no* facts to support her claim under 15 U.S.C. § 1692g, which provides another, independent basis for dismissing her claim under that provision of the FDCPA.

[11] *See Scott v. Wells Fargo Home Mortg. Inc.*, 326 F.Supp.2d 709, 717 (E.D. Va. 2003), aff'd sub nom. 67 F. App'x 238 (4th Cir. 2003) (per curiam) ("*[M]ortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." (emphasis in original)); *Brown*, 2016 WL 2726645, at *4 ("[C]ourts in this district have determined that mortgage lenders and servicing companies are not 'debt collectors' under the FDCPA."); 15 U.S.C. § 1692a(6)(F)(iii) (exempting any person attempting to collect a debt that was not in default at the time it was obtained).

If the servicer (1) acquired the loan after the mortgagor defaulted or (2) treated the loan as in default upon acquiring it, then a servicer qualifies as a debt collector. *See Ayres*, 129 F. Supp. 3d at 277 (citing *Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938, 942–43 (S.D. Ohio 2010)).  Morgan defaulted on her mortgage *after* Bayview became her mortgage servicer.  Thus, this limited exception does not apply.

Date: 12 November 2020
Richmond, VA

_____ /s/ _____
John A. Gibney, Jr.
United States District Judge

8